UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER SCOTT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00633 JCH |
| ) | |
| BJC BEHAVIORAL HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Vinita Park Police Department's Motion to Dismiss (Doc. No. 26), Defendants City of Vinita Park, McGee, Jones, Farmer, and Altes' Motion to Dismiss (Doc. No. 28), Motion to Dismiss Plaintiffs' Claims Against Ellen Depker and BJC Behavioral Health (Doc. No. 48), and State Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. No. 55). These Motions are fully briefed and ready for disposition.

## **STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## **BACKGROUND**

On January 29, 2008, Plaintiff Jarvis Simms pled guilty to arson, and was sentenced to five years of supervision by the State Board of Probation and Parole and mental health evaluation and treatment. (Third Amended Complaint ("TAC"), Exhibit 1, Doc. No. 23-1, Police Report, pp. 4-5).[1] In March 2011, Simms was still under the supervision of the State Board of Probation and Parole and was being treated by BJC Behavioral Health ("BJC") for mental health problems. (TAC, Ex. 1, pp. 3-5). Ellen Depker ("Depker") was the social worker for BJC and was assigned as Simms' case manager (TAC, ¶6, Ex. 1, p. 3), and Daniel D. Spring was Simms' probation officer (TAC, ¶¶6(f), 48).

According to the Police Report,[2] Depker asked for police assistance when she went to check on the welfare of Simms on March 29, 2011. (Ex. 1, p. 3). Scott invited Officer Jones and Depker into the residence, and Depker spoke to both Scott and Simms. (Id.). Officer Jones indicated that the conversation was cordial. (Id.). Plaintiffs, however, allege that Depker lied to Vinita Park police officers by claiming, among other things, that Plaintiff Simms' father, Plaintiff Scott, did not want

---

[1]Although some parties refer to the document(s) attached to the Third Amended Complaint as multiple exhibits, the Court refers to it/them as one exhibit per the ECF system numbering.

[2]The Police Report (Exhibit 1 to the TAC) was written by Police Officer Jones, an officer with the Vinita Park Police Department and a defendant in this case. Likewise, Plaintiffs allege causes of action against Clay Farmer and Richard Altes, who are also officers with the Police Department. Officer Farmer reviewed the Police Report (Ex. 1, p. 1) and Officer Altes provided final approval (id.).

Simms "to receive the treatment that is given and has made verbal threats in reference to shooting anyone that comes to the house." (TAC, ¶7; Ex. 1, p. 3). Depker apparently also told police that Simms has been diagnosed as a manic depressant schizophrenic, but that he been off his medication for approximately two weeks and missed an appointment. (TAC, ¶8(a), (b); Ex. 1, p. 3).

On March 31, Depker called Simms and informed him that she had spoken with his probation officer, Spring. (TAC, ¶43(b)). Depker arranged for Simms to meet her and Springs at the probation office on April 21, 2011. (Id.). Plaintiffs filed the Original Complaint on April 11, 2011. (Doc. No. 1).

On April 21, 2011, Simms met Spring in his office. (TAC, ¶44). Spring "[threatened] Simms to be locked up because of the pending litigation and for Simms failing to take the drug shot from BJC; even though Spring knows there is pending litigation between BJC, Depker et al. and Simms cannot associate/deal with the Defendants." (Id.). Plaintiffs allege that Spring continues to harass Simms. (TAC, ¶¶45, 48).

On May 16, 2011, Plaintiffs filed the Third Amended Complaint. (Doc. No. 23).[3] Therein, Plaintiffs attempt to state claims for libel and slander (Count I), violations of 42 U.S.C. §1981 (Count II), violations of 42 U.S.C. §1983 (Count II and IV), and negligence (Count III).

## DISCUSSION

### I. Vinita Park Police Department

Under Missouri law, a defendant must be a must be a legal entity, *i.e.*, corporation, quasi-corporation, or natural person. See Parker v. Unemployment Compensation Com., 358 Mo. 365, 371 (1948)("a party to an action in court must be a legal entity, that is either a natural person, an artificial person or a quasi artificial person"); Reifschneider v. Des Peres Public Safety Com., No. 54370, 1988

---

[3] All references to the Complaint refer to the Third Amended Complaint, Doc. No. 23.

Mo. App. LEXIS 1589, at *5 (Mo. Ct. App. Nov. 15, 1988); see Gill v. Farm Bureau Life Ins. Co., 856 S.W.2d 96, 100 (Mo. Ct. App. 1993) (holding the Missouri Farm Bureau Federation was a legal entity and therefore not recognized as a party for purposes of the court's review); Conrod v. Missouri State Highway Patrol, 810 S.W.2d 614, 616 (Mo. Ct. App. 1991) (noting that "[i]t is far from clear that the Missouri State Highway Patrol as a legal entity is a proper party defendant").

Vinita Park Police Department ("Police Department") asserts that it should be dismissed from Counts I-III of this lawsuit because it is not a legal, suable entity.[4] In response, Plaintiffs mistakenly argue that the Police Department is either a "private individual" or a "legislatived [sic] governmental body". (Doc. No. 33, pp. 1-2). Similarly, Plaintiffs erroneously cite to case law related to lawsuits against "municipal officials." (Id., p. 3).

The Court holds that the Police Department is "merely an administrative arm of the City" and is not a legal entity. Jordan v. Kansas City, 929 S.W.2d 882, 888 (Mo. Ct. App. 1996) (holding the Neighborhood and Community Services Department is not a legislatively created entity but is an administrative arm of the City which lacks a legal identity apart from the City and, therefore, is not a suable entity); In re Scott County Master Docket, 672 F. Supp. 1152, 1163, n. 1 (D. Minn. 1987), aff'd sub. nom. Myers v. Scott County, 868 F.2d 1017(8th Cir. 1989) (noting that the Scott County Sheriff's Department is not a legally suable entity). Accordingly, the Court dismisses Plaintiffs' claims against the Police Department. See also Reifschneider, 1988 Mo. App. LEXIS 1589, at *4-5 (the St. Louis Board of Police Commissioners could only be sued by bringing an action against the individual members of the board in their official capacities).

---

[4]Count IV is not directed against the Police Department.

- 4 -

## II. Count I (Libel and Slander)

In Missouri, the elements of defamation are: (1) publication, (2) of a defamatory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault and (6) damages the plaintiff's reputation. Sterling v. Rust Communs., 113 S.W.3d 279, 281 (Mo. Ct. App. 2003) (citing Nazeri v. Missouri Valley College, 860 S.W.2d 303 (Mo. banc 1993)); Doe v. City of Creve Coeur, No. 4:07CV00946, 2008 U.S. Dist. LEXIS 95115, at *13 (E.D. Mo. Nov. 21, 2008)(citing State ex rel. BP Products N. Am. Inc. v. Ross, 163 S.W.3d 922, 929 (Mo. banc 2005)). Whether language is defamatory and actionable is a question of law. Pape v. Reither, 918 S.W.2d 376, 379 (Mo. App. E.D. 1996); Anton v. St. Louis Suburban Newspapers, 598 S.W.2d 493, 496 (Mo. App. E.D. 1980). "The common law provides the defamation defendant with three general types of defenses. First, truth may always be asserted as an absolute defense. Mo. Const. art 1, § 8. Second, certain statements are absolutely privileged: for example, statements made during judicial proceedings. Third, other statements receive a conditional or qualified privilege." Henry v. Halliburton, 690 S.W.2d 775, 779 (Mo. 1985).

Plaintiffs base their defamation/libel claim against Depker, BJC, and Officers Jones, Farmer and Altes on statements that Depker allegedly made to police in connection with the March 29, 2011 check on Simms' welfare. (TAC, ¶¶7-9). According to the Police Report, Depker allegedly told the Vinita police department:

1) "Simms'... 'father does not want Simms to receive the treatment that is given.'" (TAC, ¶¶7, 19(d)).

2) Plaintiff Scott "had [sic] made verbal threats in reference to shooting anyone that comes to the house." (TAC, ¶7).

3) "Simms has been off his medication for approximately two weeks.'" (TAC, ¶8(a)).

4) "Simms has been diagnosed as a manic depressant schizophrenic". (TAC, ¶8(b)).

Upon review of the Complaint, the Court finds Plaintiffs have not pled an adequate claim for defamation. "Proof of actual reputational harm is an absolute prerequisite in a defamation action." Kenney v. Wal-Mart Stores, Inc., 100 S.W.3d 809, 817 (Mo.banc 2003); Weidner v. Anderson, 174 S.W.3d 672, 684 (Mo. Ct. App. 2005)(requiring concrete proof that a person's reputation has been injured). Plaintiffs allege, with any factual support, that their reputation and pecuniary interests were damaged as a result of the Defendants' (particularly Depker) alleged statements. Plaintiffs merely provide formulaic claims that they were "stigmatized" (TAC, ¶14), have been "humiliated" (TAC, ¶16), and lost "political standing" and reputation (TAC, ¶¶16, 17). Plaintiffs' allegations consist of merely labels and conclusions. Doe v. City of Creve Coeur, 2008 U.S. Dist. LEXIS 95115, at *7-8. Plaintiffs' pleadings are insufficient to allege damage for defamation, and Count I is dismissed.[5]

## III. Counts II and IV (42 U.S.C. §§1981 and 1983)

A. §1981

Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Because the focus of section 1981 is on contractual obligations, "'[a]ny claim brought under § 1981 . . . must initially identify an impaired "contractual relationship" under which the plaintiff has rights.'" Gregory v. Dillard's, Inc., 565 F.3d 464, 468-69 (8th Cir.) (en banc) (quoting

---

[5]Although not briefed by the parties, the Court also believes that the actions of Vinita Park, McGee, Jones, Farmer, or Altes is subject to the fair report privilege. See Kenney v. Scripps Howard Broad. Co., 259 F.3d 922, 923-24 (8th Cir. 2001)(citing Restatement (Second) of Torts § 611 (1976))("The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrences reported."). Plaintiffs do not allege in the Third Amended Complaint that the Police Report inaccurately described the events that occurred on March 29, 2011.

42 U.S.C. § 1981(b)), cert. denied, 130 S. Ct. 628, 175 L. Ed. 2d 480 (2009) (quoting Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006)).  Here, Plaintiffs have not identified any "contract" or "agreement" that forms the basis of their § 1981 claim. See TAC, *passim*; Doc. No. 50, pp. 10-11 (not identifying any contract).  Plaintiffs' §1981 claim is dismissed.

B. §1983

1. Vinita Park, McGee, Jones, Farmer, or Altes

Plaintiffs allege that "Defendants, City of Vinita Park/Vinita Park Police Department's employee(s) failed to investigate the Statements of the Defendant, Depker 'a White female' before acting against the Plaintiffs, 'Blacks' Scott/Simms[.]" (TAC, ¶19).  Vinita Park, McGee, Jones, Farmer, and Altes argue that law enforcement's alleged failure to investigate a claim does not rise to the level of a violation of a person's constitutional rights. (Doc. No. 29, pp. 8-9).  The courts have not recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); see also Scher v. Chief Postal Inspector, 973 F.2d 682, 683 (8th Cir. 1992)(plaintiffs had no independent constitutional right to have postal employees investigate their complaints).[6]  Therefore, Vinita Park, McGee, Jones, Farmer, and Altes' Motion to Dismiss is granted with respect to Plaintiffs' § 1983 claim.

---

[6]There exists a cause of action for criminal defendants who claim that law enforcement did not adequately investigate charges brought against them. Cooper v. Martin, 634 F.3d 477, 481 (8th Cir. 2011)(quoting Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 672 (8th Cir. 2007) (Plaintiffs must show that the law enforcement defendants' "'failure to investigate was intentional or reckless, thereby shocking the conscience.'"); Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008)(recognizing "a substantive due process cause of action for reckless investigation"); Akins v. Epperly, 588 F.3d 1178, 1183, n.2 (8th Cir. 2009)(the liberty interest at stake is "the interest in obtaining fair criminal proceedings before being denied one's liberty in the most traditional sense").  Plaintiffs, however, are not in the same position as the plaintiffs in those cases.

### 2. Depker and BJC

In Count II, Plaintiffs allege that "Depker violated the Plaintiff, Simms contractual/performance of the agreement by not keeping such medical information confidentially/lying and in doing so without the Plaintiffs consent; violating §1981 & §1983." (TAC, ¶21(a)). In Count IV, Plaintiffs allege that Depker spoke with Spring and made false statements about Simms and discriminated against Simms. (TAC, ¶43(a)). Specifically, on March 31, 2011, Depker allegedly called Simms and told him that she had communicated with his probation officer, Spring. (TAC, ¶43(b)). Thereafter, Spring threatened to have Simms locked up because of this litigation and for failing to take a "drug shot" from BJC. (TAC, ¶44).

Plaintiffs' § 1983 claim against Depker and BJC fails because they are not state actors. Andrews v. City of W. Branch, Iowa, 454 F.3d 914, 918 (8th Cir. 2006) (noting that to state claim under 42 U.S.C. § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law). Although Plaintiffs allege that BJC and Depker acted under color of state law (TAC, ¶25), Plaintiffs do not allege any facts to support this contention. Rather, BJC and Depker are private actors. See also Doc. No. 50, p. 11 (admitting that Depker is a private person and claiming that BJC is liable for the actions of its employee, Depker). Plaintiffs' § 1983 claim is dismissed because Plaintiffs cannot state a claim.

### 3. Daniel D. Spring, State of Missouri and State of Missouri Board of Probation and Parole[7]

#### a. Eleventh Amendment Immunity

---

[7] Plaintiffs only allege Count IV against these Defendants. (Doc. No. 56, p. 2).

Under the Eleventh Amendment, the States may not be sued in federal court without their consent, unless Congress has validly abrogated the immunity. Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1637-38 (2011); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989)(holding that Eleventh Amendment immunity applies to § 1983 claims). Accordingly, Plaintiffs' claims against the State of Missouri and the State Board of Probation and Parole are barred by Eleventh Amendment Immunity. See Pennhurst State Sch. & Hosp., 465 U.S. at 100; see also Alabama v. Pugh, 438 U.S. 781, 782 (1978)(suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama consented to suit).

Likewise, Plaintiffs' claims against Spring in his official capacity are barred. Lawsuits against government officials in their official capacities are barred by the Eleventh Amendment. See Will, 491 U.S. at 71 (lawsuits against state employees in their "official" capacity are barred under the Eleventh Amendment because officials acting in their official capacities are not "persons" under § 1983).[8] Plaintiffs' claim against Spring in his official capacity is dismissed.

  b. § 1983 Fails to State a Claim (Spring individually)

Plaintiffs allege that "[o]n the 21st of April 2011, while Simms was in Spring's Office, Spring called BJC and then threaded [sic] Simms to be locked up because of the pending litigation and for

---

[8]Although there are exceptions to this rule, the Court does not find that this case fits within one of those exceptions. See, e.g., 281 Care Comm. v. Arneson, 638 F.3d 621, 632 (8th Cir. 2011)("Under the Ex Parte Young doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law"; finding defendant amenable to suit under the Ex Parte Young exception).

Simms failing to take the drug shot from BJC." (TAC, ¶44). Thereafter, Plaintiffs allege that Spring continued to "harass" Simms by requiring him to "have mental health care" and "making Simms come to the Spring's office every two week [sic] instead of every two months[.]" (TAC, ¶48).

The Court finds none of Plaintiffs' allegations state a § 1983 claim. Plaintiffs' allegations merely demonstrate that Spring was performing his duty to supervising Simms while he was on probation. See § 217.705, R.S.Mo. and § 217.760, R.S.Mo. (outlining duties of probation officers). Plaintiffs do not allege anything that approaches a constitutional deprivation. Plaintiffs' claims against Spring are dismissed.

          c.        Absolute and/or Qualified Immunity (Spring individually)

In the alternative, the Court also finds that Plaintiffs' § 1983 claim against Spring in his individual capacity is barred by qualified immunity. "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown, 574 F.3d at 495 (citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006)). To overcome a defendant's qualified immunity claims, the plaintiff must show that: "'(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional . . . right; and (2) the right was clearly established at the time of the deprivation.'" Baribeau v. City of Minneapolis, 596 F.3d 465, 474 (8th Cir. 2010)(quoting Howard v. Kansas City Police Dep't, 570 F.3d 984, 988 (8th Cir. 2009)). "The law is clearly established if it gives the defendant officials 'fair warning' that their conduct violated an individual's rights when the officials acted." Forrester v. Bass, 397 F.3d 1047, 1054 (8th Cir. 2005) (citing Hope, 536 U.S. at 739-40, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002));  see also Anderson

v. Creighton, 483 U.S. 635, 640 (1987) (A right is "clearly established" if "a reasonable official would understand that what he is doing violates that right."). If a state official violates a clearly established constitutional right, he is not entitled to qualified immunity. Harlow, 457 U.S. at 818-19.

The Eighth Circuit has "found parole officers to be entitled to either absolute immunity or qualified immunity depending on the function at issue." Figg v. Russell, 433 F.3d 593, 599 (8th Cir. 2006).[9] As previously indicated, the allegations of the Complaint indicate that Spring merely was performing his official duties of supervising his parolee, Simms.[10] See § 217.705, R.S.Mo. and § 217.760, R.S.Mo. Based upon the allegations of the Complaint, Spring is entitled to qualified immunity from the §1983 claim because he was acting pursuant to his statutory, official duties.

**IV.    Count III (Actionable Negligence)**

Plaintiffs purport to allege a claim for "Actionable Negligence" in Count III. Plaintiffs state conclusory allegations that the defendants failed "to exercise due care of what should have been done." (TAC, ¶39). This allegation does not state any facts, nor does it even state the bare-bones elements of a cause of action for negligence. See also Doc. No. 49, pp. 11-12 (again providing no legal or factual support for a negligence claim). Rather, it merely refers to the breach of some nebulous "duty" that has not been alleged. Therefore, the Court dismisses Count III with respect to all Defendants.

Accordingly,

---

[9]Id. (citing Nelson v. Balazic, 802 F.2d 1077, 1078-79 (8th Cir. 1986)(finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision; the decision was akin to function of police officer); Anton v. Getty, 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports).

[10]See TAC, Ex. 1, p. 5 (sentencing Simms to the supervision of the State Board of Probation and Parole).

**IT IS HEREBY ORDERED** that Defendant Vinita Park Police Department's Motion to Dismiss (Doc. No. 26), Defendants City of Vinita Park, McGee, Jones, Farmer, and Altes' Motion to Dismiss (Doc. No. 28), Motion to Dismiss Plaintiffs' Claims Against Ellen Depker and BJC Behavioral Health (Doc. No. 48), and State Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. No. 55) are **GRANTED**. An order of dismissal is filed herewith.

**IT IS FURTHER ORDERED** that "Plaintiffs' Motions the Court for its Order for Preliminary Injunctions Restraining Against the Defendants Daniel D. Spring, Ann McLaughlin, State of Missouri, Board of Probation and Parole, Ellen Depker, BJC Behavior Health and the Circuit of St. Louis County, Missouri (Doc. No. 53) is **DENIED** as moot.

Dated this 20th day of July, 2011.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE